IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED COALS, INC.**

    **Plaintiff,**

v.                         Civil Action No.:   1:19-cv-95
                                                (Kleeh)

**ATTIJARIWAFA BANK,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

Pending before the Court is Defendant Attijariwafa Bank's Motion to Limit the Scope of Discovery to Facts Relevant to the Issue of Personal Jurisdiction. [ECF No. 77]. The issues have been fully briefed and the matter is ripe for decision. For the reasons discussed herein, the Court **GRANTS** the motion. The Court further **DENIES WITHOUT PREJUDICE** Defendant's Motion for Judgment on the Pleadings with Respect to Plaintiff's Promissory Estoppel Claim as Set Forth in Count II of Plaintiff's Complaint [ECF No. 41] and Plaintiff's Motion to Strike the Account Application, the Account Agreement and the English Translation Thereof [ECF No. 71] considering the need to assess this Court's jurisdiction.

I.   PROCEDURAL HISTORY

Plaintiff filed this action in the Circuit Court of Harrison County, West Virginia on November 5, 2018.  ECF No. 1-1 at 19.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

Its Complaint alleges two causes of action: breach of contract and promissory estoppel. Id. at ¶¶ 104-113 and 114-123. Defendant removed the matter to the United States District Court for the Northern District of West Virginia on April 24, 2019. ECF No. 1. This Court entered its First Order and Notice establishing certain deadlines on April 30, 2019. ECF No. 2. By the parties' joint motion, the Court stayed those deadlines. ECF No. 11. Defendant filed its Motion to Dismiss on jurisdictional grounds on May 17, 2019. ECF No. 4. Plaintiff responded in opposition and Defendant filed its reply brief on June 28, 2019. ECF Nos. 15 and 20. This Court entered its Order denying the Motion to Dismiss on March 30, 2020. ECF No. 32. A subsequent Memorandum Opinion issued. ECF No. 36.

Thereafter, the parties filed other motions. Defendant filed its Motion for Judgment on the Pleadings with Respect to Plaintiff's Promissory Estoppel Claim as Set Forth in Count II of Plaintiff's Complaint [ECF No. 41] while Plaintiff filed a Motion to Strike the Account Application, the Account Agreement and the English Translation Thereof [ECF No. 71]. Defendant also filed its Motion to Limit the Scope of Discovery to Facts Relevant to the Issue of Personal Jurisdiction [ECF No. 77] which is the primary subject of this Order.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

## II. FACTUAL BACKGROUND

According to the Complaint,[1] Plaintiff United Coals, Inc. ("United") had interest in establishing a business relationship with the Electricity Branch of the Moroccan National Office of Electricity and Drinking Water ("ONEE"). ECF No. 1-1 at ¶ 6. To that end, United appointed a registered agent in Morocco, Richard G. Leon ("Leon"). Id. at ¶ 2. Leon was initially appointed as United's agent around October 10, 2013. See Decl. of Jeffrey A. Goldizen, ECF No. 15-1, at ¶ 5. He was United's only agent in Morocco. Id. United also initiated contact and a business relationship with Defendant Attijariwafa Bank ("the Bank").

A non-addressed letter announcing Leon's agency was provided to the Bank. Id. Of note, that letter indicates Leon was appointed United's sole representative with respect to "(i) procuring debt or equity capital from banks or other sources from the country of Morocco, (ii) procuring coal purchase contracts from the country of Morocco and (iii) pursuing such other business activities and ventures as may benefit United Coals, Inc." Id. at Ex. 1. The

---

[1] These facts are taken from the Complaint and were presumed true in deciding Defendant's initial jurisdictional challenge which was subject to a prima facie proof standard. As discussed herein, Plaintiff ultimately must prove jurisdiction by a preponderance of the evidence without any presumption of credibility bestowed upon the Complaint's allegations.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

same letter notes Leon was appointed by "United Coals, Inc., West Virginia, USA." Id.

Specific notice of Leon's agency was provided to the Bank in a letter addressed to Mr. Mohammed Kamal ED-DAHABI dated December 30, 2013. Id. at ¶ 7 and Ex. 2. That same letter outlines the contracts United secured with ONEE and requests the Bank open an account for United to handle the two transactions. Id. at Ex. 2. United was specific that the account would be used to manage the letter of credit with ONEE and must be able to send and receive international wire transfers both to and from the United States of America. Id. The letter, authored by Goldizen, was sent on United's letterhead noting its Clarksburg, West Virginia location and was notarized by a West Virginia notary public. Id.

United alleges it contracted with ONEE to ship coal to ONEE at the Port of Casablanca, Morocco. Id. at ¶¶ 6-8. Those shipments were covered by two different contracts, ONEE Contract No. 415 and ONEE Contract No. 425. ECF No. 1-1 at ¶ 6. Contract No. 415 was for a shipment of 192,000 metric tons of steam coal in six cargoes while Contract No. 425 called for 96,000 metric tons of steam coal delivered to the Port of Casablanca in three cargoes. Id. Together, the ONEE contracts had a gross value of $26,784,000 to United. ECF No. 15-1, at ¶ 4.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

ONEE agreed to pay United through irrevocable documentary credit at a prime bank in favor of United. EFC No. 1-1 at ¶ 10. Initially, as of December 30, 2013, United expected ONEE to apply to the Bank for issuance of the letters of credit pursuant to the terms of Contract No. 415 and Contract No. 425. Id. at ¶ 11. In the December 30, 2013 letter described above, United opened an account with Defendant Attijariwafa Bank to accept and distribute wire transfers and manage its Line of Credit with ONEE. ONEE later decided to have a different bank issue the required letters of credit. Id. at ¶ 13.

Plaintiff intended to fulfill its coal shipment obligations to ONEE with coal purchased from Emerald International Corporation ("Emerald"), a Kentucky-based coal company. Id. at ¶¶ 23-24. The coal was located near New Orleans, Louisiana and was to be shipped directly from the state of Louisiana to a Casablanca, Morocco port. Id. at ¶ 14. Prior to entering into any contractual relationship with Emerald, United arranged for transport of the coal with a Bahamas-based broker, Agriculture & Energy Carriers, Ltd. Id. Eventually, the M/V Mardinik vessel was designated to transport the coal. That vessel was based at Myrtle Grove, Louisiana. Id. at ¶¶ 14-18.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

United opened its account, 0541 R 000428033, with the Bank's Casablanca, Morocco branch. Id. at ¶ 34. United alleges at least one agreement was in place between it and the Bank with respect to that account. Decl. of James L. Marketos, ECF No. 15-2, at ¶¶ 5-7 and Ex. 1.[2]

The Complaint alleges a number of transactions and events related to United's claims against the Bank. Specifically, United alleges the Bank repeatedly promised to provide letters of credit to support United in its efforts to perform its obligations under the ONEE contracts. ECF No. 1-1 at ¶¶ 55, 62 and 80. United further alleges it took action or refrained from acting in reliance on the Bank's promises. Id. at ¶ 57. United alleges its reliance on the Bank caused it financial harm as the Bank allegedly never fulfilled its promises. Id. at ¶¶ 68, 71, 72 and 79. United further alleges communications between the Bank and Leon, United's authorized Moroccan agent. Id. at ¶ 25; ECF No. 15-1 at ¶ 14. In its response to the pending motion, United also identifies five (5) communications it alleges were directly from the Bank to

---

[2] Two other documents apparently bear Goldizen's signature and may be agreements between United and the Bank. Id. at ¶¶ 8-9. Those agreements are related to the same transactional relationship made subject of the Complaint.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

Jeffrey A. Goldizen, United's West Virginia-based President and sole shareholder:

1. April 9, 2014 email[3] forwarding proof of payment of a Bank fee (ECF No. 15-1 at ¶ 15);

2. April 10, 2014 email regarding issuance of a letter of credit (Id.);

3. April 28, 2014 letter advising of a letter of credit (Id.);

4. April 28, 2014 email forwarding acknowledgment of Plaintiff's order to wire funds to Emerald (Id.); and,

5. April 30, 2014 email forwarding a letter (ECF No. 15-1 at ¶ 15).

There were, however, numerous communications with United's agent in Morocco.[4] Id. at ¶ 14; see also Compl. Goldizen states that Leon kept him "regularly abreast of such communications." Id.

---

[3] One of the email addresses listed on these communications, presumably Goldizen's email address, is jeff@golddiggerswv.com. It is unclear if the Bank's officials were aware of the significance of the "wv" portion of that email address; however, it certainly indicates, again, United's location and base of operations was not a secret.

[4] The century-old principles of agency mandate that such communications be considered made to United as a matter of law. See Syl. Pt. 1, Buckeye Saw Mfg. Co. v. Rutherford, 64 S.E. 444 (W. Va. 1909) ("Notice to an agent in the course of his employment in relation to a matter within the scope of his authority is notice to his principal, whether he communicates his knowledge to his principal or not.").

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

### III. DICUSSION

The Federal Rules of Civil Procedure do not provide a roadmap for district courts to assess jurisdictional challenges. See Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdictional challenge, **but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge.** See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (emphasis added). Under the same rule, the burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." Id. And a Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter. Id. ("[T]he jurisdictional question thus raised [under Rule 12(b)(2)] is one for the judge[.]").

District courts can, as was done initially here, assess Rule 12(b)(2) solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. See Grayson, 816 F.3d at 268. There, a plaintiff need only demonstrate jurisdiction by a prima facie standard and the Court is required to draw all reasonable inferences in favor of the plaintiff. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctr's, Inc., 334

Case 1:19-cv-00095-TSK   Document 85   Filed 09/30/22   Page 9 of 12   PageID #: 1484

**United Coals v. Attijariwafa Bank**                                     1:19-CV-95

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

F.3d 390, 396 (4th Cir. 2003). However, "[a] threshold prima facie finding that personal jurisdiction is proper does not finally settle the issue; plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.5 (4th Cir. 2005).

"[D]istrict courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." Mylan Labs., Inc. v. Akzo, 2 F.3d 56, 64 (4th Cir. 1993). "In its discretion, a court may permit discovery as to the jurisdictional issue." State v. Exxon Mobile Corporation, 406 F. Supp.3d 420, 437 (D. Md. 2019) (citing Mylan Labs, 2 F.3d at 64); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("For example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); Coastal Laboratories, Inc. v. Jolly, 502 F. Supp.3d 1003, 1016 (D. Md. 2020) ("[A] court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue . . . .) . "In some cases, where the record suggests some indicia of personal jurisdiction, limited jurisdictional discovery

9

Case 1:19-cv-00095-TSK Document 85 Filed 09/30/22 Page 10 of 12 PageID #: 1485

**United Coals v. Attijariwafa Bank** 1:19-CV-95

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

may be warranted to ascertain more facts." Id. at 448 (citations omitted).

The Court initially found Plaintiff had satisfied its prima facie burden and denied Defendant's Rule 12(b)(2) motion. Candidly, that finding was the proverbial close call. Of course, personal jurisdiction is "an essential element of the jurisdiction of a district . . . court," without which the court is "powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citation omitted). Considering the significance of the question, the level of proof – assessed with a presumption of credibility applying to the Complaint's allegations and all reasonable inferences made in Plaintiff's favor – relied upon in denying Defendant's motion and the remaining burden Plaintiff must carry under a **different** standard of proof, the Court believes it appropriate to resolve that question before the merits of Plaintiff's claims. Thus, Defendant's motion to conducted limited discovery on the jurisdictional question is **GRANTED**.

The parties shall complete targeted jurisdictional discovery on or before **January 30, 2023.** At the conclusion of such discovery, Defendant may renew its jurisdictional challenge, if appropriate, by filing a Rule 12(b)(2) on or before **February 17,**

Case 1:19-cv-00095-TSK   Document 85   Filed 09/30/22   Page 11 of 12   PageID #: 1486

**United Coals v. Attijariwafa Bank**                    1:19-CV-95

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

**2023.** The Court's Local Rules shall govern the briefing schedule thereafter. If Defendant does not believe a Rule 12(b)(2) motion is warranted after jurisdictional discovery, it shall file a Notice stating the same with the Court on or before **February 10, 2023.**

With limited discovery being appropriate and a determination on the jurisdictional question necessary before the merits are litigated, the Court turns to the other pending motions: Defendant's Motion for Judgment on the Pleadings with Respect to Plaintiff's Promissory Estoppel Claim as set Forth in Count II of Plaintiff's Complaint & Demand for Jury Trial [ECF No. 41] and Plaintiff's Motion and Renewed Motion to Strike the Account Application, the Account Agreement, and the English Translation Thereof [ECF No. 71]. Plaintiff must still satisfy its burden to show jurisdiction by a preponderance of the evidence. If it cannot, this Court is powerless to address any other question presented. "A judgment which lies without the jurisdiction of a court, even one of superior jurisdiction and general authority, is, upon reason and authority, a nullity." In re Terry, 128 U.S. 289, 305 (1888); see also Sandler v. Tarr, 345 F. Supp. 612, 621 (D. Md. 1972) ("An order issued without jurisdiction is null and void — it never existed."). Thus, both of those motions are **DENIED WITHOUT PREJUDICE** subject to resolution of any jurisdictional

Case 1:19-cv-00095-TSK   Document 85   Filed 09/30/22   Page 12 of 12   PageID #: 1487

**United Coals v. Attijariwafa Bank**                                   1:19-CV-95

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE SCOPE OF DISCOVERY TO JURISDICTIONAL ISSUES [ECF NO. 77] AND DENYING OTHER PENDING MOTIONS WITHOUT PREJUDICE [ECF NO. 41 AND 71]**

challenge. The parties are granted leave to refile any motion seeking similar relief if Plaintiff demonstrates this Court has jurisdiction.

### IV. CONCLUSION

Therefore, for the reasons set forth above, Defendant's Motion for Limited Discovery [ECF No. 77] is **GRANTED** and Defendant's Motion for Judgment on the Pleadings [ECF No. 41] and Defendant's Motion to Strike [ECF No. 71] are **DENIED WITHOUT PREJUDICE.**

The Clerk is directed to forward this Memorandum Opinion and Order to all counsel of record.

Entered: September 30, 2022

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA